22-10NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE K. TENNILLE,

    Petitioner,

    v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

Case No. 22-cv-10171

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [#1] AND DISMISSING REMAINING MOTIONS AS MOOT [#4 AND #5]</u>**

### I. INTRODUCTION

Federal inmate Lawrence Kemp Tennille ("Petitioner"), currently on home confinement after being incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he should be released from federal custody due to time credits he allegedly earned under the First Step Act. *See* Public Law No. 115-391, 132 Stat. 5195 (enacted on Dec. 21, 2018). Petitioner was convicted of conspiracy to possess with intent to distribute over fifty grams of cocaine and sentenced to life imprisonment in 1997. In 2016, President Barack Obama commuted his sentence to

1

360 months imprisonment with the final year to be served on pre-release custody. On June 9, 2021, Petitioner was transferred from FCI Milan to pre-release custody and placed on home confinement. *See Tennille v. Hemingway*, No. 4:21-CV-10909, 2021 WL 5826997, *1 (E.D. Mich. Dec. 8, 2021) (Leitman, J. denying habeas petition challenging the calculation of Petitioner's good time credits). Petitioner's release date is August 17, 2022. He filed the instant petition on January 27, 2022.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining district court duties to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

## II. Discussion

Petitioner seeks habeas relief under 28 U.S.C. § 2241 asserting that he should be given time credits toward his sentence under the First Step Act due to his participation in evidence based recidivism reeducation programs and productive activities while in prison. Petitioner states that he participated in UNICOR from August 2017 to October 2019, a Religious Life Connections program, and prison commissary work from August 2020 to May 2021. He does not specify how many time credits he believes that he should be awarded toward his sentence.

It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the

screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

A district court, however, may *sua sponte* summarily dismiss a petition on exhaustion grounds when a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (civil rights case); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing *Jones*, *Corey v. Daniels*, 626 F. App'x 414, 415 (4th Cir. 2015); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), and affirming summary dismissal of § 2241 petition on exhaustion grounds).

Here, Petitioner states that he contacted his case manager, who told him to contact the Designation and Sentence Computation Center, where he was told to contact the halfway house. The Bureau of Prisons, however, has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10

Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18

The record in this case indicates that Petitioner has, at best, attempted to resolve his claim informally and has not pursued available formal administrative remedies with the Bureau of Prisons. Consequently, his habeas petition is premature. He must fully exhaust his administrative remedies before seeking federal habeas relief under 28 U.S.C. § 2241.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not fully exhausted available administrative remedies. His claim for habeas relief is thus prematurely brought pursuant to 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Order Respondents to Show Cause [#4] and Motion for Preliminary Injunction and Temporary Restraining Order [#5] are **DISMISSED** as moot.

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 25, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager